IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES E. GAMBRELL, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) CIVIL NO. 10-cv-170-DRH |
| UNITED STATES GOVERNMENT, et al., | ) ) ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This cause is before the Court on Petitioner's motion to proceed *in forma pauperis* (Doc. 2). Also before the Court are Petitioner's motions to amend/correct his petition for a writ of habeas corpus (Docs. 4, 5, 7, and 10).

Petitioner's motion to proceed *in forma pauperis* (Doc. 2) and his motions to amend/correct (Docs. 4, 5, 7, and 10) are **GRANTED**.

Petitioner, an inmate in the United States Penitentiary located in Marion, Illinois (USP-Marion), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his 1998 conviction in the United States District Court for the Central District of Illinois, for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be

notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

## THE PETITION

In 1998, Petitioner was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and sentenced to 235 months imprisonment. Petitioner pursued a direct appeal seeking to suppress evidence obtained through the execution of a "no knock" warrant. *United States v. Gambrell*, 178 F.3d 927 (7th Cir. 1999). The appeal was unsuccessful. *Id.* at 928.

In March 2001, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in the Central District of Illinois. *Gambrell v. United States*, Case No. 2:01-cv-02063 (C.D. Ill.). The § 2255 motion, however, was denied as being time barred. *Id.* Although Petitioner appealed the dismissal of his § 2255 motion, he was denied a certificate of appealability by the Seventh Circuit Court of Appeals. *Gambrell v. United States*, No. 02-3693 (7th Cir. Jan. 3, 2003).

In June 2003, Petitioner filed a second motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the Central District of Illinois. *Gambrell v. United States*, Case No. 2:03-cv-02107 (C.D. Ill.). This action was dismissed as being both untimely and as being barred as a second or successive petition which had not been certified by the Court of Appeals as required by § 2255(h).

In the instant § 2241 action, Petitioner claims that relief pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention" because his first § 2255 was dismissed as time barred and because he is blocked from filing a second or successive § 2255 action. On the merits,

Petitioner asserts that the Central District of Illinois lacked jurisdiction over his criminal case and, therefore, he is "actually innocent" of the crime for which he was convicted. Specifically, Petitioner contends that the Central District lacked "statutory jurisdiction" under Article I, Section 8 of the Constitution and that the Central District exceeded its "judicial jurisdiction" under Article III, Section 2 of the Constitution.

**DISCUSSION**

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy usually supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255."). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective.

Petitioner contends that he is one of those for whom the § 2255 motion is inadequate or ineffective to test the legality of his detention. However, the fact that Petitioner may be barred from bringing a section 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion). Further, "[f]ailure to comply with the requirements of the § 2255 statute of limitations is not what Congress meant when it spoke of the remedies being 'inadequate or ineffective to test the legality

of his detention.'" *Montenegro v. U.S.*, 248 F.3d 585 (7th Cir. 2001), *overruled on other grounds*, *Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001).[1] *See also Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000) ("Neither will a claim of procedural bar suffice to demonstrate that section 2255 relief is inadequate or ineffective."); *United States v. Barrett*, 178 F.3d 34, 49- 50 (1st Cir. 1999), *cert. denied*, 528 U.S. 1176 (2000); *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997) (noting that section 2255's substantive and procedural barriers by themselves do not establish that section 2255 is inadequate or ineffective); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). Instead, a petitioner under § 2241 must demonstrate the inability of a Section 2255 motion to cure the defect in the conviction.

Such is not the case here. There is no reason why Petitioner could not have asserted his "jurisdictional" arguments earlier on direct appeal or in a *timely* action under § 2255. Almost all of the case law upon which he relies pre-dates his conviction.[2] Since the time of his conviction and appeal, there has been no decision from the Supreme Court interpreting either a federal statute or a federal constitutional provision in a way that would favor Petitioner. In short, Petitioner has simply not demonstrated that even a *timely* filed § 2255 action would have been inadequate or ineffective for asserting his claims.

Therefore, § 2241 cannot provide Petitioner with the desired relief, and this action is summarily **DISMISSED** with prejudice.

---

[1] *Ashley* overruled only Part III of *Montenegro*. *Ashley* held that a decision that a right initially recognized by Supreme Court is retroactively applicable to cases on collateral review, as will begin one-year limitations period under Antiterrorism and Effective Death Penalty Act (AEDPA), can be made by a Court of Appeals or a district court, as well as by Supreme Court. *Ashley*, 266 F.3d at 674.

[2] Indeed, a review of the docket sheets in his prior § 2255 actions indicates that Petitioner asserted claims similar to those asserted in this case. As noted above, the prior § 2255 actions were dismissed as untimely and/or prohibited second or successive actions.

**IT IS SO ORDERED.**

**DATED:** July 12, 2010.

/s/    DavidRHerndon
**DISTRICT JUDGE**
